CONCETTA CASTINO, PLAINTIFF, v. PASQUALE Di MENZO, INDIVIDUALLY AND TRADING AS RIALTO THEATRE, AND THE TRUST COMPANY OF NEW JERSEY, DEFENDANTS.

LEONARDO CASTINO, PLAINTIFF, v. PASQUALE Di MENZO, INDIVIDUALLY AND TRADING AS RIALTO THEATRE, AND THE TRUST COMPANY OF NEW JERSEY, DEFENDANTS.

Submitted October 3, 1939—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Hugh F. Doherty.*

For the respondents, *Nathan Baker.*

The opinion of the court was delivered by

HEHER, J. These causes were tried together before a jury by consent. Verdicts were returned for plaintiffs against the individual defendant, and he appeals from the consequent judgments.

The first-named plaintiff, Concetta Castino, suffered personal injury as the result of a fall in a balcony box of a theatre operated by the individual defendant, while proceeding to a seat therein for the purpose of witnessing a musical comedy scheduled to begin shortly after her arrival; and the sole question for decision is whether the evidence is conclusive of an assumption of the risk of such danger. We resolve it in the negative.

The mishap occurred on December 4th, 1938. This plaintiff testified thus: When she arrived at the theatre, at about eight o'clock in the evening (accompanied by her husband, who sued *per quod*), she purchased admission tickets at the box office, and, upon entering the building, was told by an attendant to "take any seat" she desired. She and her husband thereupon ascended the stairway to the balcony. It was Mrs. Castino's first visit to the theatre. It was then illuminated by a ceiling light over the centre of the orchestra section. There were no balcony lights; nor was there an usher in attendance to escort patrons to seats. She descended the right-hand balcony stairway leading to a box. From the foot of the stairway, she walked nine or ten feet on a level floor

to the box. Finding one person (apparently a patron) seated therein, she entered and, while proceeding to a seat, lost her footing in passing over a single vertical step leading to a lower floor level (the riser was six or seven inches in height) which she did not see because of the darkness inside this compartment; and the contention is made that, in thus walking down the "dark stairs" and along the floor level into the "unlighted" box, without securing the aid of an usher, she assumed the risk of danger, since she "was fully cognizant of the conditions of which she complained," and therefore there was error in the denial of defendant's motion for the direction of a verdict in his favor—citing *Foley* v. *Jersey City Electric Co.*, 54 *N. J. L.* 411; *Vorrath* v. *Burke*, 63 *Id.* 188; *Saunders* v. *Smith Realty Co.*, 84 *Id.* 276; *Cetola* v. *Lehigh Valley Railroad Co.*, 89 *Id.* 691; *Rooney* v. *Siletti*, 96 *Id.* 312; *Solomon* v. *Finer*, 115 *Id.* 404; *Micca* v. *Parentini*, 8 *N. J. Mis. R.* 332.

But these cases are not apposite. Concededly, Mrs. Castino was not familiar with the *locus*. As stated, it was her first visit to the theatre. The construction at the foot of the balcony stairway was such as reasonably to lead her to believe that the floor level extending from the stairway continued throughout the box; and, in such circumstances, the unlighted step in the floor of the box constituted a pitfall which the exercise of reasonable care on her part would not have revealed, and the risk of which she could not have assumed since it was unknown to her. It is to be noted that the box was equipped with a lamp designed for illumination, but there is a conflict in the evidence as to whether it was lighted at the time of the occurrence of the injury.

In these circumstances, there is no room for the application of the principle that in a certain class of cases the voluntary assumption of the risk of a known danger precludes recovery if injury ensues, even though the victim may have taken such care for his own safety as would have been used by an ordinarily prudent person so circumstanced, for it is obvious that the triers of the facts could have found from the evidence that this plaintiff was unaware of the existence of the hazard. It is implicit in the doctrine of assumption of

risk that there be a realization by the actor of the peril to which he is exposed, or, possibly, that he be in the particular circumstances reasonably chargeable with notice thereof. See *Cetola* v. *Lehigh Valley Railroad Co.*, *supra; Atha & Illingworth Co.* v. *Costello*, 63 *N. J. L.* 27.

But, in the latter view (the conception is barely distinguishable from contributory negligence), the actor here is not chargeable with the risk of the danger thus hidden by the darkness, for it was reasonably deducible from the existence of the level platform leading from the foot of the stairway into the box, that the same floor level continued throughout the darkened box and there was no pitfall therein. She was justified in the assumption that the operator of the theatre had fulfilled the obligation imposed upon him by the law to exercise reasonable care for her safety. This is the *ratio decidendi* of *Dondero* v. *Tenant Motion Picture Co.*, 94 *N. J. L.* 483. While that case dealt with the question of contributory negligence, there is in the situation presented here little or no practical distinction between negligence and assumption of risk. *Harenburg* v. *August,* 119 *Id.* 83.

The trial judge therefore rightly concluded that the proofs did not disclose assumption of risk as a matter of law.

Judgments affirmed, with costs.